## LYDIA DERBY *vs.* GEORGE W. PHELPS.

A contract to marry at the end of five years is within that clause of the statute to prevent frauds and perjuries, which relates to agreements not to be performed within the space of one year from the time of making them.

THIS was an action of assumpsit on a promise of marriage. At the trial here, under the general issue, and a plea of the statute of limitations, the plaintiff proposed to prove, that in A. D. 1811, the defendant, being about to commence the study of his profession, desired the plaintiff to receive his addresses as a suitor, and at the end of about five years, when he expected to be settled in business, to marry him; and that, in pursuance of this offer, his addresses were received, and continued till the defendant's marriage with another lady, in A. D. 1820.

This evidence was objected to, as within the statute of frauds; but having been admitted, a verdict was found for the plaintiff, subject to future consideration on the validity of the above objection.

*Derby*
*vs.*
*Phelps.*

*S. Wilcox* and *R. Fletcher*, for plaintiff.

*Phelps, Bell, Chamberlain* and *Bartlett,* for the defendant.

WOODBURY, J.   Our statute " to prevent frauds and per-juries," provides, among other things, " that no action shall " be brought whereby to charge any person upon an agree- " ment made upon consideration of marriage, or upon any " agreement, that is not to be performed within the space " of one year from the time of making it, unless such prom- " ise or agreement" " be in writing," &c.(1)

(1) 1 N. H.
Laws 178.

The defendant cannot avail himself of the first clause above cited ; because, though once decided in *Philpott vs.*

(2) 3 Lev. 65. *Wallet,*(2) that a contract to marry must in all cases be in writing ; yet, that decision has since been overruled in *Cork*

(3) 1 Stra. 34. *vs. Baker,*(3) and in *Harrison vs. Cage and wife.*—1 *Ld. Ray.* 386.—*Salk.* 24.—5 *Mod.* 411.—*Bull. N. P.* 280.—2 *Equ. Ca. Ab.* 248.—*Skin.* 196.

This clause of the statute is now held to reach not mutual promises to marry, but only promises for other things made in consideration of marriage.   *Bac. Ab.* " *Agreement,*" C. 3.

But under the other clause of the statute, we apprehend the objection to the evidence must be adjudged fatal.   This was an agreement, which by the terms of it was not to be performed till the expiration of about five years ; and hence comes within the very teeth of the statute.   Had the tenor of the agreement been, that the contract should be fulfilled on a certain event, which might or might not have happen-ed within a year, but which in fact did not happen till after a year, the agreement would not have been within the stat-ute.   1 *Salk.* 280.—*Skin.* 326.—*Stra.* 34.—*Burr.* 1278.— 1 *Bl. Rep.* 353.—1 *Ld. Ray.* 317.—*Com. Rep.* 49.—*Holt* 326.—3 *Salk.* 9.—10 *John. Rep.* 244.

But such was not the tenor of it.   Nor can this description of contracts be taken out of the statute by the circumstance, that when the original statute of frauds passed under Charles the II., these contracts were not sued at law, but were merely the subject of proceedings to compel a performance of them in the ecclesiastical courts.   For numerous kinds of contracts, not then in use and not then prosecuted in the

common law courts, have since had birth under the new exigencies and improvements of society, and are all brought to the test of the general provisions of the statute.

In respect to a part performance of this contract, which doubtless, if proved, might cure the absence of any writing,(1) the case as saved presents no question of this kind, and, according to our recollection, none such was raised at the trial.

(1) Bac. Ab. "Agreement," C., and Auths. there cited.

Should this be relied on hereafter as an answer to the statute, it will then be early enough to decide what ought to be considered a part performance of a contract, on whose rites and ceremonies, and their respective importance in per- ing a marriage, so much diversity of opinion exists. See *Londonderry vs. Chester, ante.*

*New trial.*